**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

     Petitioner,

                                  Case Nos.      12-51423

v.                                               12-51424

                                               12-51425

DARYL PORTER,

                                  HONORABLE DENISE PAGE HOOD

     Respondent.

_____/

<u>**OPINION REGARDING PETITION TO ENFORCE**</u>
<u>**INTERNAL REVENUE SUMMONS**</u>

       The Internal Revenue Service ("IRS") is conducting an investigation into the tax liability of Respondent Daryl Porter for:  1) Case No. 12-51423 (the calendar years ending December 31, 2006, December 31, 2008 and December 31, 2009); 2) Case No. 12-51424 (the calendar years ending December 31, 2008 and December 31, 2009); and 3) Case No. 12-51424 (calendar year ending December 31, 2010).  On March 27, 2012, Revenue Officer Michael Bryant issued a summons to Mr. Porter to appear before him on April 18, 2012, 10:00 a.m. to give testimony and produce for examination books, papers, records or other data relating to the tax liability or the collection of the tax liability.  Respondent was served with the 3 summonses by leaving copies on March 27, 2012 at respondent's last and usual place of abode.

       In Case No. 12-51423, a "last chance" letter was sent by Area Counsel on May 3, 2012 for Mr. Porter to appear on June 6, 2012, but Respondent did not appear on June 6, 2012.  In Case No. 12-51424, the letter was sent by Area Counsel to appear on June 29, 2012, 10:00 a.m., but Respondent did not appear.  In Case No. 51425, the Area Counsel sent a letter to appear on June 6, 2012, 10:00 a.m., but Respondent did not appear.  The IRS seeks an order to compel Respondent

to comply with the summons.  Mr. Bryant's declaration asserts all administrative steps required by the Internal Revenue Code have been taken.

The Government need only establish a *prima facie* case for the enforcement of the summons under *United States v. Powell*, 379 U.S. 48, 57-58 (1964).  The Government must show: 1) that the summons was issued for a legitimate purpose; 2) that the requested data may be relevant to that purpose; 3) that the data is not already in the Government's possession; and, 4) that the administrative steps required by the Internal Revenue Code for issuance and service have been followed.  *Id.*  A *prima facie* showing is generally made by the declaration/affidavit of the agent seeking enforcement of the summons.  *United States v. Will*, 671 F.2d 963, 966 (6th Cir. 1982). Once it has established a *prima facie* case, the burden shifts to the taxpayer to demonstrate specific and substantial facts showing that a genuine issue exists as to any material defense to the enforcement of the summons.  *Id*.

Based on the Declaration of Mr. Bryant, the Government has established a *prima facie* case to enforce the summons issued on March 27, 2012.  Section 7602(a)authorizes the issuance of a summons for the purposes of determining or collecting any tax liability.  Section 7602 imposes a duty on persons possessing information relevant or material to an investigation or collection of a federal tax liability to produce that information at the request of the Secretary of the Treasury or his/her delegate.  The summons is not limited to the person liable for the tax but includes any other person deemed proper.  Section 7602(c) allows the use of the summons as long as there is no "Justice Department referral" in effect with respect to the named taxpayer for the taxable period under investigation, such as a recommendation by the Secretary of the Treasury that a grand jury investigation or criminal prosecution be commenced. *Pickel v. United  States*, 746 F.2d 176, 183-

2

184 (3d Cir. 1984).

Given that there is no Justice Referral and based on the Revenue Agent's declaration, the Government has established a *prima facie* case to enforce all three summons issued on March 27, 2012. The Court grants all three Petitions to Enforce the Internal Revenue Service Summons. A separate order will be entered in each case.


S/Denise Page Hood
DENISE PAGE HOOD
United States District Judge

DATED: January 25, 2013